**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLOUDING IP, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 12-638-LPS |
| APPLE, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Clouding IP, LLC makes the following allegations against Defendant Apple, Inc.:

**PARTIES**

1.      Plaintiff Clouding IP, LLC ("Clouding") is a Delaware limited liability company having a principal place of business at 2 Terrace Way, Suite C, Greensboro, North Carolina 27403.

2.      Defendant Apple, Inc. ("Apple") is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, CA 95014.  Apple may be served via its registered agent, CT Corporation System, 818 W 7th St., Los Angeles, California 90017.

**JURISDICTION AND VENUE**

3.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Apple is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due to having availed itself of the rights

and benefits of Delaware by conducting substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Delaware and in this Judicial District.

5.      Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, Apple has transacted business in this district and has committed and/or induced acts of patent infringement in this district.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,032,089**

6.      Plaintiff Clouding realleges and incorporates by reference paragraphs 1-5 above, as if fully set forth herein.

7.      Plaintiff Clouding is the owner by assignment of United States Patent No. 7,032,089 ("the '089 patent") titled "Replica Synchronization Using Copy-On-Read Technique."  The '089 patent was duly and legally issued by the United States Patent and Trademark Office on April 18, 2006.  Clouding is the owner by assignment from Symantec Corporation of the '089 patent.  A true and correct copy of the '089 patent is included as Exhibit A.

8.      Apple makes, uses, sells, offers for sale, and/or imports into the United States products and/or services that provide for data synchronization.  On information and belief, at least some of data synchronization products and/or services provide synchronization using copy-on-read techniques.

9.      On information and belief, Apple has directly infringed and continues to infringe the '089 patent by, among other things, making, using, offering for sale, selling and/or importing

into the United States products and/or services that are covered by one or more claims of the '089 patent. Such products and/or services include, by way of example and without limitation, the Apple iCloud Service and products and/or services related thereto, which are covered by one or more claims of the '089 patent, including but not limited to claim 13. By making, using, offering for sale, selling and/or importing into the United States such products and/or services that are covered by one or more claims of the '089 patent, Apple has injured Clouding and is liable to Clouding for direct infringement of the '089 patent pursuant to 35 U.S.C. § 271(a).

10.     Apple has had actual knowledge of the '089 patent since at least the filing of the original complaint in this action.

11.     On information and belief, Apple has and continues to indirectly infringe one or more claims of the '089 patent by inducing others (e.g., its customers) to infringe in violation of 35 U.S.C. § 271(b).

12.     On information and belief, Apple has induced others and continues to induce others, including but limited to Apple's customers, to infringe the '089 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, selling and/or importing into the United States products and/or services that when used as intended infringe the '089 patent. Such products and/or services include, by way of example and without limitation, Apple's iCloud Service, the use of which is covered by one or more claims of the '089 patent, including but not limited to claim 13. Apple's customers who use such products and/or services directly infringe the claims of the '089 patent. Since at least the filing of the original complaint in this action, Apple has had actual knowledge of the '089

patent and has known that the use of such products and/or services by its customers constituted direct infringement of the '089 patent.  Despite Apple's actual knowledge of the '089 patent and the knowledge that its customers infringed, Apple continued to, and still continues to, actively encourage its customers to infringe by, *inter alia*, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '089 patent. Apple further intends that its customer use such products and/or services in a manner that infringes the claims of the '089 patent.

13.     Apple's actions of, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or services that are covered by one or more claims of the '089 patent constitute an objectively high likelihood of infringement of the '089 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Apple is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '089 patent and that the '089 patent is valid.   Despite Apple's knowledge of that risk, on information and belief, Apple has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '089 patent.  Instead, Apple has continued to, and still is continuing to, among other things, make, use, offer for sale, sell and/or import products and/or services that are covered by one or more claims of the '089 patent.  As such, Apple willfully, wantonly and deliberately infringed and is infringing the '089 patent in disregard of Clouding's rights.

14.     As a result of Apple's infringement of the '089 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Apple's infringement, but

in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 6,738,799**

15.    Plaintiff Clouding realleges and incorporates by reference paragraphs 1-14 above, as if fully set forth herein.

16.    Plaintiff Clouding is the owner by assignment of United States Patent No. 6,738,799 ("the '799 patent") titled "Methods and Apparatuses for File Synchronization and Updating Using a Signature List."  The '799 patent was duly and legally issued by the United States Patent and Trademark Office on May 18, 2004.  Clouding is the owner by assignment from Symantec Corporation of the '799 patent.  A true and correct copy of the '799 patent is included as Exhibit B.

17.    Apple makes, uses, sells, offers for sale, and/or imports into the United States products and/or services that provide or support synchronization of files.  On information and belief, at least some of such products and/or services perform synchronization of files between networked computers by providing updates.

18.    On information and belief, Apple has directly infringed and continues to infringe the '799 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services into the United States that are covered by one or more claims of the '799 patent.  Such products and/or services include, by way of example and without limitation, the Apple iCloud Service, the use of which is covered by one or more claims of the '799 patent, including but not limited to claim 37.  By making, using, offering for sale, selling and/or importing into the United States such products and/or service that are covered by one or more

claims of the '799 patent, Apple has injured Clouding and is liable to Clouding for direct infringement of the '799 patent pursuant to 35 U.S.C. § 271(a).

19.     Apple has had actual knowledge of the '799 patent since at least the filing of the original complaint in this action.

20.     On information and belief, Apple has and continues to indirectly infringe one or more claims of the '799 patent by inducing others (e.g., its customers) to infringe in violation of 35 U.S.C. § 271(b).

21.     On information and belief, Apple has induced others and continues to induce others, including but limited to Apple's customers, to infringe the '799 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, selling and/or importing into the United States products and/or services that when used as intended infringe the '799 patent.  Such products and/or services include, by way of example and without limitation, Apple's iCloud Service, the use of which is covered by one or more claims of the '799 patent, including but not limited to claim 42.  Apple's customers who use such products and/or services directly infringe the claims of the '799 patent.  Since at least the filing of the original complaint in this action, Apple has had actual knowledge of the '799 patent and has known that the use of such products and/or services by its customers constituted direct infringement of the '799 patent.  Despite Apple's actual knowledge of the '799 patent and the knowledge that its customers infringed, Apple continued to, and still continues to, actively encourage its customers to infringe by, *inter alia*, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '799 patent.

Apple further intends that its customer use such products and/or services in a manner that infringes the claims of the '799 patent.

22.     Apple's actions of, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or services that are covered by one or more claims of the '799 patent constitute an objectively high likelihood of infringement of the '799 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Apple is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '799 patent and that the '799 patent is valid.   Despite Apple's knowledge of that risk, on information and belief, Apple has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '799 patent.  Instead, Apple has continued to, and still is continuing to, among other things, make, use, offer for sale, sell and/or import products and/or services that are covered by one or more claims of the '799 patent.  As such, Apple willfully, wantonly and deliberately infringed and is infringing the '799 patent in disregard of Clouding's rights.

23.     As a result of Apple's infringement of the '799 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 5,495,607

24.    Plaintiff Clouding realleges and incorporates by reference paragraphs 1-23 above, as if fully set forth herein.

25.    Plaintiff Clouding is the owner by assignment of United States Patent No. 5,495,607 ("the '607 patent") titled "Network Management System Having Virtual Catalog Overview of Files Distributively Stored Across Network Domain." The '607 patent was duly and legally issued by the United States Patent and Trademark Office on February 27, 1996. Clouding is the owner by assignment from Symantec Corporation of the '607 patent. A true and correct copy of the '607 patent is included as Exhibit C.

26.    Apple operates one or more server farms (comprising, *inter alia*, servers and computers on a network) that are located in data centers in the United States. On information and belief, Apple's one or more server farms provide and support cloud computing services, including at least Apple iCloud and iTunes services. On information and belief, Apple makes and/or uses a system for monitoring the health of at least some of Apple's servers and computers over a network in its data centers.

27.    On information and belief, Apple has directly infringed and continues to infringe the '607 patent by, among other things, making, using, offering for sale, and/or selling systems, and products and/or services related thereto, covered by one or more claims of the '607 patent. Such systems include, by way of example and without limitation, systems made and/or used by Apple to monitor the health of servers and computers running Apple iCloud and iTunes services, which are covered by one or more claims of the '607 patent, including but not limited to claim 9. By making, using, offering for sale, and/or selling such systems, and products and/or services

8

related thereto, covered by one or more claims of the '607 patent, Apple has injured Clouding and is liable to Clouding for direct infringement of the '607 patent pursuant to 35 U.S.C. § 271(a).

28.     Apple has had actual knowledge of the '607 patent since at least the filing of the original complaint in this action.

29.     Apple's actions of, *inter alia*, making and using a system to monitor the health of its servers and computers that is covered by one or more claims of the '607 patent constitutes an objectively high likelihood of infringement of the '607 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Apple is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '607 patent and that the '607 patent is valid.   Despite Apple's knowledge of that risk, on information and belief, Apple has not made any changes to the relevant operations to avoid infringement the '607 patent.  Instead, Apple has continued to, and still is continuing to, among other things, make and use such a system that is covered by one or more claims of the '607 patent.  As such, Apple willfully, wantonly and deliberately infringed and is infringing the '607 patent in disregard of Clouding's rights.

30.     As a result of Apple's infringement of the '607 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 6,925,481

31.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-30 above, as if fully set forth herein.

32.     Plaintiff Clouding is the owner by assignment of United States Patent No. 6,925,481 ("the '481 patent") titled "Technique for Enabling Remote Data Access and Manipulation from a Pervasive Device."  The '481 patent was duly and legally issued by the United States Patent and Trademark Office on August 2, 2005.  Clouding is the owner by assignment from Symantec Corporation of the '481 patent.  A true and correct copy of the '481 patent is included as Exhibit D.

33.     Apple makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Apple iCloud, Apple iTunes, and Apple App Store.

34.     On information and belief, Apple has directly infringed and continues to infringe the '481 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '481 patent.  Such products and/or services include, by way of example and without limitation, Apple iCloud, Apple iTunes, and Apple App Store, which are covered by one or more claims of the '481 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '481 patent, Apple has injured Clouding and is liable to Clouding for direct infringement of the '481 patent pursuant to 35 U.S.C. § 271(a).

35.     Apple has had actual knowledge of the '481 patent since at least the filing of the original complaint in this action.

36.     On information and belief, Apple has and continues to indirectly infringe one or more claims of the '481 patent by inducing others (e.g., its customers) to infringe in violation of 35 U.S.C. § 271(b).

37.     On information and belief, Apple has induced others and continues to induce others, including but limited to Apple's customers, to infringe the '481 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, selling and/or importing products and/or services that when used as intended infringe the '481 patent.  Such products and/or services include, by way of example and without limitation, Apple iPhone and/or other devices for accessing Apple's iCloud, Apple iTunes or Apple App Store, the use of which are covered by one or more claims of the '481 patent, including but not limited to claim 55.  Apple's customers who use such products and/or services directly infringe the claims of the '481 patent.  Since at least the filing of the original complaint in this action, Apple has had actual knowledge of the '481 patent and has known that the use of such products and/or services by its customers constituted direct infringement of the '481 patent. Despite Apple's actual knowledge of the '481 patent and the knowledge that its customers infringed, Apple continued to, and still continues to, actively encourage its customers to infringe by, *inter alia*, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '481 patent.  Apple further intends that its customer use such products and/or services in a manner that infringes the claims of the '481 patent.

38.     Apple's actions of, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or services that are covered by one or more claims of the '481 patent constitute an objectively high likelihood of infringement of the '481 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Apple is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '481 patent and that the '481 patent is valid.   Despite Apple's knowledge of that risk, on information and belief, Apple has not made any changes to the relevant operation of its products and/or services and has not provided its users and/or customers with instructions on how to avoid infringement the '481 patent.  Instead, Apple has continued to, and still is continuing to, among other things, make, use, offer for sale, sell and/or import products and/or services that are covered by one or more claims of the '481 patent.  As such, Apple willfully, wantonly and deliberately infringed and is infringing the '481 patent in disregard of Clouding's rights.

39.     As a result of Apple's infringement of the '481 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 7,254,621

40.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-39 above, as if fully set forth herein.

41.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,254,621 ("the '621 patent") titled "Technique for Enabling Remote Data Access and

Manipulation from a Pervasive Device." The '621 patent was duly and legally issued by the United States Patent and Trademark Office on August 7, 2007. Clouding is the owner by assignment from Symantec Corporation of the '621 patent. A true and correct copy of the '621 patent is included as Exhibit E.

42. Apple makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Apple iCloud, Apple iTunes, and Apple App Store.

43. On information and belief, Apple has directly infringed and continues to infringe the '621 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '621 patent. Such products and/or services include, by way of example and without limitation, Apple iCloud, Apple iTunes, and Apple App Store, which are covered by one or more claims of the '621 patent, including but not limited to claim 1. By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '621 patent, Apple has injured Clouding and is liable to Clouding for direct infringement of the '621 patent pursuant to 35 U.S.C. § 271(a).

44. Apple has had actual knowledge of the '621 patent since at least the filing of the original complaint in this action.

45. Apple's actions of, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or services that are covered by one or more claims of the '621 patent constitute an objectively high likelihood of infringement of the '621 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid. Since at

least the filing of the original complaint, Apple is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '621 patent and that the '621 patent is valid. Despite Apple's knowledge of that risk, on information and belief, Apple has not made any changes to the relevant operation of its products and/or services to avoid infringement the '621 patent. Instead, Apple has continued to, and still is continuing to, among other things, make, use, offer for sale, sell and/or import products and/or services that are covered by one or more claims of the '621 patent. As such, Apple willfully, wantonly and deliberately infringed and is infringing the '621 patent in disregard of Clouding's rights.

46. As a result of Apple's infringement of the '621 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 6,963,908

47. Plaintiff Clouding realleges and incorporates by reference paragraphs 1-46 above, as if fully set forth herein.

48. Plaintiff Clouding is the owner by assignment of United States Patent No. 6,963,908 ("the '908 patent") titled "System for Transferring Customized Hardware and Software Settings from One Computer to Another Computer to Provide Personalized Operating Environments." The '908 patent was duly and legally issued by the United States Patent and Trademark Office on November 8, 2005. Clouding is the owner by assignment from Symantec Corporation of the '908 patent. A true and correct copy of the '908 patent is included as Exhibit F.

14

49.     Apple makes, uses, sells, offers for sale, and/or imports products and/or services in the United States that provide or support remote data access by a mobile device, such as Apple iCloud.

50.     On information and belief, Apple has directly infringed and continues to infringe the '908 patent by, among other things, making, using, offering for sale, selling and/or importing products and/or services that are covered by one or more claims of the '908 patent.  Such products and/or services include, by way of example and without limitation, Apple iCloud, the use of which is covered by one or more claims of the '908 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and/or services covered by one or more claims of the '908 patent, Apple has injured Clouding and is liable to Clouding for direct infringement of the '908 patent pursuant to 35 U.S.C. § 271(a).

51.     Apple has had actual knowledge of the '908 patent since at least the filing of the original complaint in this action.

52.     Apple's actions of, *inter alia*, making, using, offering for sale, selling and/or importing such products and/or services that are covered by one or more claims of the '908 patent constitute an objectively high likelihood of infringement of the '908 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Apple is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '908 patent and that the '908 patent is valid.   Despite Apple's knowledge of that risk, on information and belief, Apple has not made any changes to the relevant operation of its products and/or services to avoid infringement the '908 patent.  Instead, Apple has continued to, and still is continuing to,

15

among other things, make, use, offer for sale, sell and/or import products and/or services that are covered by one or more claims of the '908 patent. As such, Apple willfully, wantonly and deliberately infringed and is infringing the '908 patent in disregard of Clouding's rights.

53.     As a result of Apple's infringement of the '908 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 5,825,891

54.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-53 above, as if fully set forth herein.

55.     Plaintiff Clouding is the owner by assignment of United States Patent No. 5,825,891 ("the '891 patent") titled "Key Management for Network Communication." The '891 patent was duly and legally issued by the United States Patent and Trademark Office on October 20, 1998. Clouding is the owner by assignment from Symantec Corporation of the '891 patent. A true and correct copy of the '891 patent is included as Exhibit G.

56.     Apple makes, uses, sells and/or offers for sale in the United States products and/or services that provide for or support establishing virtual private network ("VPN") tunnels, Mac OS X Lion Server.

57.     On information and belief, Apple directly has infringed and continues to infringe the '891 patent by, among other things, using methods covered by one or more claims of the '891 patent. Such methods include, by way of example and without limitation, use of Mac OS X Lion Server, which is covered by one or more claims of the '891 patent, including but not limited

to claim 1.  By using such methods covered by one or more claims of the '891 patent, Apple has injured Clouding and is liable to Clouding for direct infringement of the '891 patent pursuant to 35 U.S.C. § 271(a).

58.     Apple has had actual knowledge of the '891 patent since at least the filing of the original complaint in this action.

59.     On information and belief, Apple has and continues to indirectly infringe one or more claims of the '891 patent by inducing others (e.g., its customers) to infringe in violation of 35 U.S.C. § 271(b).

60.     On information and belief, Apple has induced others and continues to induce others, including but limited to Apple's customers, to infringe the '891 patent in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, selling and/or importing products and/or services that when used as intended infringe the '891 patent.  Such products and/or services include, by way of example and without limitation, Mac OS X Lion Server, the use of which is covered by one or more claims of the '891 patent, including but not limited to claim 1.  Apple's customers who use such products and/or services directly infringe the claims of the '891 patent.  Since at least the filing of the original complaint in this action, Apple has had actual knowledge of the '891 patent and has known that the use of such products and/or services by its customers constituted direct infringement of the '891 patent.  Despite Apple's actual knowledge of the '891 patent and the knowledge that its customers infringed, Apple continued to, and still continues to, actively encourage its customers to infringe by, *inter alia*, making, using, offering for sale, selling and/or importing products

and/or services that are covered by one or more claims of the '891 patent.  Apple further intends that its customer use such products and/or services in a manner that infringes the claims of the '891 patent.

61.     Apple's actions of, *inter alia*, using methods covered by one or more claims of the '891 patent constitute an objectively high likelihood of infringement of the '891 patent, which was duly issued by the United States Patent and Trademark Office and is presumed valid.  Since at least the filing of the original complaint, Apple is aware that there is an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '891 patent and that the '891 patent is valid.   Despite Apple's knowledge of that risk, on information and belief, Apple has not made any changes to the relevant operation of its using methods covered by one or more claims of the '891 patent and has not provided its users and/or customers with instructions on how to avoid infringement the '891 patent.  Instead, Apple has continued to, and still is continuing to, among other things, use methods covered by one or more claims of the '891 patent.  As such, Apple willfully, wantonly and deliberately infringed and is infringing the '891 patent in disregard of Clouding's rights.

62.     As a result of Apple's infringement of the '891 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

**COUNT VIII**
**INFRINGEMENT OF U.S. PATENT NO. 7,065,637**

63.     Plaintiff Clouding realleges and incorporates by reference paragraphs 1-62 above, as if fully set forth herein.

64.     Plaintiff Clouding is the owner by assignment of United States Patent No. 7,065,637 ("the '637 patent") titled "System for Configuration of Dynamic Computing Environments Using a Visual Interface."  The '637 patent was duly and legally issued by the United States Patent and Trademark Office on June 20, 2006.  Clouding is the owner by assignment from Symantec Corporation of the '637 patent.  A true and correct copy of the '637 patent is included as Exhibit H.

65.     Apple makes, uses, sells, and offers for sale in the United States products and/or services that provide or support use of a visual interface to configure computing resources.

66.     On information and belief, Apple has directly infringed and continues to infringe the '637 patent by, among other things, making, using, offering for sale, and/or selling products and/or services covered by one or more claims of the '637 patent.  Such products and/or services include, by way of example and without limitation, Apple iCloud service, which is covered by one or more claims of the '637 patent, including but not limited to claim 1.  By making, using, offering for sale, and/or selling such products and services covered by one or more claims of the '637 patent, Apple has injured Clouding and is liable to Clouding for direct infringement of the '637 patent pursuant to 35 U.S.C. § 271(a).

67.     As a result of Apple's infringement of the '637 patent, Plaintiff Clouding has suffered monetary damages in an amount adequate to compensate for Apple's infringement, but

in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Clouding respectfully requests that this Court enter:

1.      A judgment in favor of Plaintiff Clouding that Apple has infringed, either literally and/or under the doctrine of equivalents, the '089 patent, the '799 patent, the '607 patent, the '481 patent, the '621 patent, the '908 patent, the '891 patent and the '637 patent;

2.      A judgment that Apple has induced infringement of the '089 patent, the '799 patent, the '481 patent, and '891 patent;

3.      A judgment that Apple willfully infringed the '089 patent, the '799 patent, the '607 patent, the '481 patent, the '621 patent, the '908 patent, and the '891 patent;

4.      A judgment and order for treble damages pursuant to 35 U.S.C. § 284;

5.      A judgment and order requiring Apple to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for Apple's infringement of the '089 patent, the '799 patent, the '607 patent, the '481 patent, the '621 patent, the '908 patent, the '891 patent and the '637 patent;

6.      A judgment and order that this case is exceptional and requiring Apple to pay Plaintiff Clouding reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285; and

7.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Date:   August 20, 2012                    BAYARD, P.A.


                                           _/s/ Vanessa R. Tiradentes (vt5398)_
                                           Richard D. Kirk (rk0922)
                                           Stephen B. Brauerman (sb4952)
                                           Vanessa R. Tiradentes (vt5398)
                                           222 Delaware Avenue, Suite 900
                                           P.O. Box 25130
                                           Wilmington, DE 19899
                                           (302) 655-5000
                                           rkirk@bayardlaw.com
                                           sbrauerman@bayardlaw.com
                                           vtiradentes@bayardlaw.com

Of Counsel:

SNR DENTON US LLP

Mark L. Hogge
Shailendra K. Maheshwari
1301 K Street, NW, Suite 600, East Tower
Washington, DC  20005-3364
(202) 408-6400
mark.hogge@snrdenton.com
shailendra.maheshwari@snrdenton.com


                                           *Attorneys for Plaintiff Clouding IP, LLC*