IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLOUDING IP LLC (f/k/a STEC IP LLC), | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 12-638-LPS |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| APPLE INC., | ) |
| | ) |
| Defendant. | ) |

## APPLE INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS CLOUDING IP LLC'S ALLEGATIONS OF WILLFULNESS AND INDIRECT INFRINGEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

OF COUNSEL:

Marcus E. Sernel P.C.
Bryan S. Hales P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000

Kenneth H. Bridges
Michael T. Pieja
BRIDGES & MAVRAKAKIS LLP
3000 El Camino Real
One Palo Alto Square, 2nd Floor
Palo Alto, CA 94304
Tel: (650) 804-7800

Adam R. Brausa
BRIDGES & MAVRAKAKIS LLP
180 N. LaSalle Street, Suite 2215
Chicago, IL 60601
Tel: (312) 216-1620

Dated: September 4, 2012
1073476 / 39252

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Apple Inc.*

# **TABLE OF CONTENTS**

|     |     | Page |
| --- | --- | --- |
| I.  | STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| II. | SUMMARY OF ARGUMENT | 1 |
| III. | STATEMENT OF RELEVANT FACTS | 2 |
| IV. | ARGUMENT | 3 |
|     | A. Legal Standard for a Motion to Dismiss | 3 |
|     | B. Clouding's Claims for Willful Infringement Should Be Dismissed | 4 |
|     | C. Clouding's Claims for Pre-Suit Induced Infringement Should Be Dismissed | 5 |
|     | D. Clouding's Claims for Indirect Infringement Should Be Dismissed | 6 |
| V.  | CONCLUSION | 7 |

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ........................................................................................................ 4, 7

*Baraka v. McGreevey*,
   481 F.3d 187 (3d Cir. 2007) ..................................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 3, 7

*Circuit City Stores, Inc. v. Citgo Petroleum Corp.*,
   No. 92-CV-7394, 1994 WL 483463 (E.D. Pa. Sept. 7, 1994) .................................................. 1

*Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*,
   450 F.3d 130 (3d Cir. 2006) ..................................................................................................... 4

*DSU Medical Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) ................................................................................................ 6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) .......................................................................................................... 2, 6

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................. 2, 7

*In re Seagate Tech. LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) .......................................................................................... 1, 4, 5

*Minkus Elec. Display Sys. v. Adaptive Micro Sys. LLC*,
   C.A. No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011) .......................................... 6

*Papasan v. Allain*,
   478 U.S. 265 (1986) .................................................................................................................. 4

*Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*,
   113 F.3d 405 (3d Cir. 1997) ..................................................................................................... 4

*Softview LLC v. Apple Inc.*,
   10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .................................................. 1, 4, 5

*Solannex, Inc. v. Miasole*,
   No. C 11-00171 PSG, 2011 WL 4021558 (N.D. Cal. Sept. 9, 2011) .................................... 4, 5

*Talbot v. Sentinel Ins. Co.*,
   No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763 (D. Nev. Mar. 29, 2012) .......................... 5

*Webmap Techs., LLC v. Google, Inc.*,
   No. 2:09-CV-343-DF-CE, 2010 WL 3768097 (E.D. Tex. Sept. 10, 2010) .................................. 5

**Statutes & Rules**

35 U.S.C. § 271(b) .................................................................................................................. 3, 6

Fed. R. Civ. P. 12 .................................................................................................................. 1, 2, 3

## I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Clouding IP LLC ("Clouding") filed its original Complaint against Defendant Apple Inc. ("Apple") on May 22, 2012. (D.I. 1.) Apple answered on July 30, 2012. (D.I. 9.) Clouding filed its First Amended Complaint on August 20, 2012. (D.I. 13.) Apple now moves pursuant to Rule 12(b)(6) to dismiss the new allegations of willful and indirect infringement in the First Amended Complaint.[1]

## II. SUMMARY OF ARGUMENT

1. Clouding alleged willful and induced infringement against Apple for the first time in its First Amended Complaint. (*See* D.I. 13 ¶¶ 11-13, 20-22, 29, 36-38, 45, 52, 59-61.)

2. Clouding has failed to allege sufficient facts to support allegations that Apple was aware of the patents-in-suit (or was willfully blind to them) before Clouding filed the original Complaint in this action. Willful infringement requires pre-suit knowledge of the patents-in-suit. *See In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). This Court recently addressed the same issue in *Softview LLC v. Apple Inc.*, C.A. No. 10-389-LPS, 2012 WL 3061027, at *8 (D. Del. July 26, 2012), and the reasoning from that case dictates that Clouding's allegations against Apple cannot stand. Thus, Clouding has failed to state a claim for willful infringement or pre-suit induced infringement.

3. The same lack of facts plausibly showing that Apple was aware of or willfully blind to the patents-in-suit is fatal to Clouding's allegation of at least pre-suit induced infringement. Pre-suit induced infringement requires pre-suit knowledge of the patents-in-suit.

---

[1] The present motion seeks partial dismissal of Clouding's First Amended Complaint. Pursuant to Federal Rule 12(a)(4)(A), this suspends the time to file an answer, including an answer to those claims that are not subject to the motion to dismiss. *See, e.g., Talbot v. Sentinel Ins. Co.*, No. 2:11-cv-01766-KJD-CWH, 2012 WL 1068763, at *4 (D. Nev. Mar. 29, 2012); *Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, No. 92-CV-7394, 1994 WL 483463, at *4 (E.D. Pa. Sept. 7, 1994).

*See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011). Thus, Clouding has failed to state a claim for at least pre-suit induced infringement.

4. Moreover, Clouding's generic allegations regarding induced infringement (both pre- and post-suit) are insufficient to support its claims. Allegations of induced infringement must contain facts plausibly showing that Apple specifically intended their customers to infringe the patents-in-suit. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Clouding's First Amended Complaint fails to allege facts sufficient to support a claim that Apple had knowledge of the patents-in-suit prior to service on Apple of the original Complaint in this action and includes only generic allegations of indirect infringement.

5. Accordingly, Apple respectfully moves the Court to dismiss Clouding's allegations of willful and induced infringement under Rule 12(b)(6).

### III. STATEMENT OF RELEVANT FACTS

On May 22, 2012, Clouding filed its original Complaint in this action, asserting U.S. Patent Nos. 7,032,089 ("the '089 patent"), 6,738,799 ("the '799 patent"), 5,495,607 ("the '607 patent"), 6,925,481 ("the '481 patent"), 7,254,621 ("the '621 patent"), 6,963,908 ("the '908 patent"), and 5,825,891 ("the '891 patent") against Apple Inc. (D.I. 1.)

On August 20, 2012, Clouding filed its First Amended Complaint to allege willful infringement of the '089, '799, '607, '481, '621, '908, and '891 patents, indirect infringement of the '089, '799, '481, and '891 patents, and direct infringement of U.S. Patent No. 7,065,637 ("the '637 patent"). (D.I. 13.)

Clouding's First Amended Complaint contains the following allegations of Apple's purported knowledge of the '089, '799, '607, '481, '621, '908, and '891 patents:

2

> Apple has had actual knowledge of the ['089, '799, '607, '481, '621, '908, and '891 patents] since at least the filing of the original complaint in this action.

(D.I. 13 ¶¶ 10, 19, 28, 35, 44, 51, 58.) Clouding's First Amended Complaint contains no additional information regarding Apple's knowledge of the patents-in-suit. Indeed, Clouding's willfulness allegations in its First Amended Complaint contain the same recitation that Apple has had knowledge "[s]ince at least the filing of the original complaint." (D.I. 13 ¶¶ 13, 22, 29, 38, 45, 52, 61.)

Clouding's First Amended Complaint contains the following allegations of Apple's purported pre-suit and post-suit inducement of others to infringe the '089, '799, '481, and '891 patents:

> On information and belief, Apple has and continues to indirectly infringe one or more claims of the ['089, '799, '481, and '891 patents] by inducing others (e.g., its customers) to infringe in violation of 35 U.S.C. § 271(b).

(*See* D.I. 13 ¶¶ 11, 20, 36, 59.) Clouding's First Amended Complaint further includes the following generic allegations of induced infringement:

> On information and belief, Apple has induced others and continues to induce others, including but limited to Apple's customers, to infringe the ['089, '799, '481, and '891 patents] in violation of 35 U.S.C. § 271(b) by taking active steps to encourage and facilitate direct infringement by others with knowledge of that infringement, such as, upon information and belief, by making, using, offering for sale, selling and/or importing into the United States products and/or services that when used as intended infringe the ['089, '799, '481, and '891 patents]. ...

(D.I. 13 ¶¶ 12, 21, 37, 60.)

## IV.  ARGUMENT

### A.  Legal Standard for a Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding a motion to dismiss, a court "must accept as true the factual

3

allegations in the complaint and all reasonable inferences that can be drawn from them." *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). A court is "not, however, required to accept as true unsupported conclusions and unwarranted inferences." *Id.*; *see also Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 133 (3d Cir. 2006) ("Although we must accept as true all well-pled allegations ... we need not credit the non-movant's conclusions of law or unreasonable factual inferences."). Nor is the court "compelled to accept ... 'a legal conclusion couched as a factual allegation.'" *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not state a claim, and mere labels and conclusions or naked assertions devoid of further factual enhancement are insufficient." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (internal quotations omitted). The factual allegations must be sufficient to raise a claim above the speculative level, making it "plausible on its face." *Twombly*, 550 U.S. at 555, 570.

**B.   Clouding's Claims for Willful Infringement Should Be Dismissed**

Clouding's allegations of willful infringement against Apple should be dismissed. Willful infringement requires proof that the defendant "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," which includes a requirement that the defendant knew of the patent prior to receiving a complaint for infringement. *Seagate*, 497 F.3d at 1371, 1374 ("[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."); *Softview*, 2012 WL 3061027, at *8 ("*Seagate* implies that willful infringement allegations based only on post-filing conduct are inadequate."); *Solannex, Inc. v. Miasole*, No. C 11-00171 PSG, 2011 WL 4021558, at *3 (N.D. Cal. Sept. 9, 2011) (dismissing a claim of willful infringement because of the failure to allege pre-suit knowledge of the issued patent); *Webmap*

*Techs., LLC v. Google, Inc.*, No. 2:09-CV-343-DF-CE, 2010 WL 3768097, at \*4 (E.D. Tex. Sept. 10, 2010) (dismissing a claim of willful infringement because it was based solely on post-filing conduct and plaintiff had not sought to abate the infringement).

Clouding's First Amended Complaint does not plausibly allege that Apple had knowledge of the '089, '799, '607, '481, '621, '908, and '891 patents before this lawsuit. Rather, Clouding's allegations state only that "Apple has had actual knowledge of the ['089, '799, '607, '481, '621, '908, and '891 patents] since at least the filing of the original complaint in this action." (D.I. 13 ¶¶ 10, 19, 28, 35, 44, 51, 58.) These conclusory statements are insufficient to plausibly allege that Apple had knowledge of the patents before the service of the original Complaint. *See, e.g., Softview*, 2012 WL 3061027, at \*6, \*8 (holding that because general allegations against Kyocera did not plausibly allege pre-suit knowledge of the patent-in-suit, willfulness allegations against Kyocera should be dismissed). Therefore, the only potential basis for Clouding's willful infringement allegations is post-filing conduct, which is inadequate under *Seagate*. *Id.* at \*8. Accordingly, Clouding's allegations of willful infringement should be dismissed.

### C.    Clouding's Claims for Pre-Suit Induced Infringement Should Be Dismissed

Clouding's allegations of pre-suit inducement against Apple should similarly be dismissed.[2] A party can be liable for induced infringement only from the time the party knew of or was willfully blind to the patents-in-suit. *See* 35 U.S.C. § 271(b); *Global-Tech*, 131 S. Ct. at

---

[2] Clouding's Amended Complaint states that "[s]ince at least the filing of the original complaint in this action, Apple has had actual knowledge of the ['089, '799, '607, '481, '621, '908, '891] patent[s]." (D.I. 13 ¶¶ 12, 21, 29, 37, 45, 52, 60.) From this statement, it is unclear whether Clouding is actually asserting pre-suit inducement, but the use of the phrase "since at least," suggests that it is. For the reasons discussed herein, Apple moves to dismiss such allegations. If Clouding stipulates that it will not seek damages for pre-suit inducement, Apple's motion on this point will be moot.

2068, 2070-71 (holding that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement," including "knowledge of the existence of the patent that is infringed," or "active efforts by an inducer to avoid knowing about the infringing nature of the activities" – *i.e.*, willful blindness). Absent that knowledge, there can be no induced infringement.

As discussed above, Clouding's First Amended Complaint does not plausibly allege that Apple had knowledge of the '089, '799, '607, '481, '621, '908, and '891 patents prior to being served with the original Complaint in this action. Clouding's First Amended Complaint also fails to allege any facts that could support an allegation that Apple acted with "willful blindness" with respect to the '089, '799, '607, '481, '621, '908, and '891 patents that would support a claim of induced infringement. As there are no plausible allegations of pre-suit knowledge, Clouding's claims for at least pre-suit inducement with respect to the '089, '799, '481, and '891 patents must fail, and the Court should dismiss these claims and not permit Clouding to seek damages or other remedies based on such allegations. *See DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304–06 (Fed. Cir. 2006) (en banc in relevant part) (holding that induced infringement requires knowledge of the patent and knowledge that the acts constitute infringement); *Minkus Elec. Display Sys. v. Adaptive Micro Sys. LLC*, C.A. No. 10-666-SLR, 2011 WL 941197, at *3, *8 (D. Del. Mar. 16, 2011) (holding that a mere recitation of the elements for indirect infringement is insufficient to infer knowledge of the patent-in-suit).

**D.     Clouding's Claims for Indirect Infringement Should Be Dismissed**

Clouding's allegations of induced infringement generally, both pre- and post-suit, should be also dismissed. To avoid dismissal of its induced infringement allegations, Clouding's First Amended Complaint must contain facts plausibly showing that Apple specifically intended its customers to infringe the patents-in-suit. *See In re Bill of Lading Transmission*, 681 F.3d at

1339. But as noted above, Clouding only provides boilerplate support for its induced infringement allegations. (*See* D.I. 13 ¶¶ 11-12, 20-21, 36-37, 59-60.) Clouding does not provide the requisite factual support necessary to plausibly allege Apple's specific intent. *See, e.g., Iqbal*, 129 S. Ct. at 1950 (holding that "naked assertions devoid of further factual enhancement" are do not plausibly state a claim); *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions. ... Factual allegations must be enough to raise a right to relief above the speculative level. ..."). Accordingly, Clouding's allegations of inducement infringement generally, should be dismissed as well.

## V. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant Apple's motion to dismiss Clouding's claims against Apple for willful and indirect infringement as set forth in paragraphs 11-13, 20-22, 29, 36-38, 45, 52, 59-61, and the Prayer for Relief of Clouding's First Amended Complaint.

|  |  |
|---|---|
| | Respectfully submitted, |
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Marcus E. Sernel P.C.<br>Bryan S. Hales P.C.<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>Tel: (312) 862-2000 | By: */s/ David E. Moore*<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Bindu A. Palapura (#5370)<br>    Hercules Plaza, 6th Floor<br>    1313 N. Market Street |
| Kenneth H. Bridges<br>Michael T. Pieja<br>BRIDGES & MAVRAKAKIS LLP<br>3000 El Camino Real<br>One Palo Alto Square, 2nd Floor<br>Palo Alto, CA 94304<br>Tel: (650) 804-7800 |     Wilmington, DE 19801<br>    Tel: (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br>    bpalapura@potteranderson.com<br><br>*Attorneys for Apple Inc.* |
| Adam R. Brausa<br>BRIDGES & MAVRAKAKIS LLP<br>180 N. LaSalle Street, Suite 2215<br>Chicago, IL 60601<br>Tel: (312) 216-1620 | |

Dated: September 4, 2012
1073476 / 39252

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 4, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on September 4, 2012, the attached document was electronically mailed to the following person(s)

| | |
|---|---|
| Richard D. Kirk | Mark L. Hogge |
| Stephen B. Brauerman | Shailendra K. Maheshwari |
| Vanessa R. Tiradentes | SNR Denton US LLP |
| Bayard, P.A. | 1301 K Street, NW |
| 222 Delaware Avenue, Suite 900 | Suite 600, East Tower |
| Wilmington, DE 19899 | Washington, DC 20005-3364 |
| rkirk@bayardlaw.com | mark.hogge@snrdenton.com |
| sbrauerman@bayardlaw.com | shailendra.maheshwari@snrdenton.com |
| vtiradentes@bayardlaw.com | |

By: /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1063952 / 39252